Filed 12/5/24  In re Z.N. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re Z.N. et al, Persons Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>        Plaintiff and Respondent,<br><br>                    v.<br><br>M.M.,<br><br>        Defendant and Appellant. | F087922<br><br>(Super. Ct. Nos. 22CEJ300159-1, 22CEJ300159-2, 22CEJ300159-3)<br><br>**OPINION** |

## THE COURT\*

APPEAL from orders of the Superior Court of Fresno County.  Amythest Freeman, Judge.

M.M., in propria persona, for Defendant and Appellant.

Daniel C. Cederborg, County Counsel, and Ashley N. McGuire, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

## INTRODUCTION

M.M., appellant and paternal great-grandmother of Z.N. (age seven), J.N. (age five) and B.N. (age three),[1] appeals in propria persona the denial of a petition for modification under Welfare and Institutions Code section 388[2] and the denial of a request for de facto parent status. We affirm.

## PROCEDURAL AND FACTUAL HISTORY

On February 15, 2024, pursuant to section 388, appellant filed a request to change the juvenile court's order removing the children from their mother's care and placing the children with care providers other than appellant (the custody order). The request alleged that on September 5, 2023, the court ordered the removal of the children from the mother's custody and placement in a foster home, and requested the order be changed so that the children could be placed with appellant.

In the form portion of the request, under the section asking about changed circumstances, the petition stated that appellant "has initiated the [resource family approval] process and will be completing the requirements in the next few weeks." Under the section asking about the best interests of the children, the request stated, "[t]he children are deeply bonded with [appellant] as she has been in their lives since birth. [Appellant] is willing and able to provide the children with a safe, clean, healthy and loving home. The children feel safe when they are in the care of [appellant.] [Appellant] is able to provide and meet the children's physical, emotional, [and] psychological needs."

Appellant provided a declaration under penalty of perjury attached to the request. The declaration stated in relevant part that on or about May 4, 2022, the children were removed from their parents' custody by the Fresno County Department of Social Services (the department). Prior to removal, appellant stated she was in regular contact with the children, was present at each of their births, and helped the parents during the first few

---

[1]     Collectively "the children."

[2]     Undesignated references to code are to the Welfare and Institutions Code.

months.  Appellant stated she would take the children to the park or beach to play and would sometimes take them to doctor appointments.  After removal, appellant was allowed two visits per month for one hour each, and consistently visited the children.  At the time the petition was filed, appellant had started the resource family approval process and it would be completed in a few weeks.  Appellant also stated she was willing to provide the children with a stable, safe, and healthy home, including adoption, if reunification failed.[3]

On February 15, 2024, appellant also filed a de facto parent request.  In the attached memorandum, appellant stated that she had "essentially been assuming this parental role for the children virtually their entire short li[ves]."  Appellant alleged the children had lived with appellant since birth, during which time she fulfilled their physical and psychological needs for care and affection, and their financial needs.  Appellant alleged she clothed, bathed, fed, comforted, interacted with, and loved the children like a parent.  Appellant further alleged she was the "only one" taking care of the children's needs since birth.  Finally, appellant stated that she had attended every juvenile court hearing.

The juvenile court denied appellant's section 388 request to change the custody order on February 15, 2024, ruling that the request did not state new evidence or change of circumstances.

Appellant's de facto parent request was heard on March 27, 2024.  Counsel for the children stated appellant wanted to be part of the children's lives and wanted placement from the start, but that it hadn't happened for "various reasons."  There had been questions about appellant's ability to handle the children and her "stability overall with herself."  Counsel also argued that appellant did not have any unique information to provide to the juvenile court and objected to the request.

---

[3]    The juvenile court's minute order filed March 27, 2024, indicates the case was proceeding to a contested permanent placement hearing pursuant to section 366.26 to terminate parental rights or establish guardianship of the children.

The juvenile court ruled that it was inclined to deny the de facto parent request "based upon [appellant's] own statements." The court found "[i]t does not seem that [appellant] qualifies under the statute as a person who has assumed on a day-to-day basis the role of a parent to the child[ren]." The court agreed appellant had been to every hearing and that she wanted to be part of the children's lives but found that appellant did not need to be a de facto parent in order to participate in the proceedings or in the children's lives.

The juvenile court then urged appellant to continue to come to hearings and noted the court had made prior orders that facilitated visitation between appellant and the children. The court also noted that in a prior hearing, appellant had notified the court that she had just received new housing and was "in a different place with regard to her ability to [house] the children," but the court had not heard any more information regarding the housing. The court concluded by asking the department to continue assessing appellant for placement. Appellant's request for de facto parent status was denied on March 27, 2024.

Appellant filed a notice of appeal on April 15, 2024, appealing both the denial of the section 388 request to change the custody order and the request for de facto parent status.

## DISCUSSION

### I.   Compliance With California Rules of Court, Rule 8.204[4] and Forfeiture

Respondent argues appellant's opening brief fails to comply with rule 8.204 and fails to present meaningful legal analysis to demonstrate error.

Rule 8.204 requires in relevant part that an appellant's opening brief "[s]tate the nature of the action, the relief sought in the trial court, and the judgment or order appealed from" (rule 8.204, subd. (a)(2)(A)), "[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable" (rule 8.204, subd. (a)(2)(B), and "[p]rovide a summary of the significant facts limited to the matters in the record"

---

[4]     Undesignated reference to rules are to the California Rules of Court.

(rule 8.204, subd. (a)(2)(C)). The brief must also state each point under a separate heading or subheading, support each point by argument and if possible, by citation to authority, and support any reference to matters in the record by a citation and comply with a number of formatting requirements. (Rule 8.204, subds. (a)(1)(B)–(C), (b).)

Noncomplying briefs filed with the court may, with or without notice, be returned for correction and refiling or stricken with leave to file a new brief. (Rule 8.204, subd. (e)(2)(A)–(B).) This court may also disregard the noncompliance. (Rule 8.204, subd. (e)(2)(C).)

Appellant's opening brief is not in compliance with rule 8.204. Appellant has not cited to the record and has not supported any points made with argument or citation to authority. Appellant likewise does not present any meaningful legal analysis. However, appellant's arguments can liberally be construed as a substantial evidence challenge to the juvenile court's denial of appellant's request for modification of the custody order and request for de facto parent designation, and we exercise this court's discretion to review such a claim. In doing so, we do not consider evidence alleged in appellant's opening brief which is not part of the record on appeal (*People v. Hannon*, *supra*, 5 Cal.App.5th at p. 104) and we do not conduct an independent review of the record on appeal for error. (*In re Sade C.* (1996) 13 Cal.4th 952.)[5]

## II.    Standard of Review and Legal Argument

As a foundational matter, it is important to distinguish the respective roles of trial courts, including juvenile courts, and appellate courts in our judicial system.

"Review by appeal is not a retrial of the case. Appellate courts are guided—and restricted—by a large, well-developed body of rules prescribing the scope and limits of appellate review. These rules require a substantial amount of deference to the trial court's resolution of disputed fact issues and its exercise of discretion. The appellate court's

---

[5]    "With no error or other defect claimed against the orders appealed from, the Court of Appeal [is] presented with no reason to proceed to the merits of any unraised 'points'—and, a fortiori, no reason to reverse or even modify the orders in question." (*In re Sade C.*, *supra*, 13 Cal.4th 952 at p. 994.)

ultimate goal is twofold:  to correct 'prejudicial' trial court error, and to ensure statewide uniform application of the law."  (Eisenberg, et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2007) ¶ 8:1, p. 8-1, emphasis omitted.)

"The basic distinction between the respective roles of trial and appellate courts is that appellate courts, ordinarily, only decide questions of law.  The resolution of factual issues is within the sole province of the trial courts."  (Eisenberg, et al., Cal. Practice Guide:  Civil Appeals and Writs, *supra*, at p. 8-2, emphasis omitted.)

Here, the juvenile court judge was the trier of fact.  In that role, it was the exclusive judge of the credibility of the evidence.  (*People v. Jones* (1990) 51 Cal.3d 294, 314.)  " '[Q]uestions as to the weight and sufficiency of the evidence … the inferences to be drawn therefrom, the credibility of witnesses … and the determination of [any] conflicts and inconsistency in their testimony are matters for the trial court to resolve.' " (*Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 334.)

In contrast, the appellate court—this court—has a very limited role in reviewing the juvenile court's factual and credibility determinations.  As a reviewing court, "we have no authority to substitute our own judgment for the trial court's respecting … any … conflict in the evidence."  (*Sav-On Drug Stores, Inc. v. Superior Court*, *supra*, 34 Cal.4th at p. 331.)  When "the evidence is in conflict, the appellate court will not disturb the findings of the trial court.  The court must consider the evidence in the light most favorable to the prevailing party, giving that party the benefit of every reasonable inference and resolving conflicts in support of the judgment."  (*Nordquist v. McGraw-Hill Broadcasting Co.* (1995) 32 Cal.App.4th 555, 561.)

Our review is governed by the appellate record.  (See *In re Zeth S.* (2003) 31 Cal.4th 396, 405.)  "The rule promotes the orderly settling of factual questions and disputes in the trial court, provides a meaningful record for review, and serves to avoid prolonged delays on appeal."  (*Ibid.*)  On appeal, as in the trial court, unsworn statements or argument by counsel or a self-represented litigant are not evidence.  (*Id*. at p. 413, fn. 11.)  "The claimed existence of facts that are not supported by citations to pages in the

appellate record, or not appropriately supported by citations, cannot be considered by this court." (*Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5.)

"Thus, our authority begins and ends with a determination whether, on the entire record, there is any substantial evidence—that is … reasonable, credible and of solid value—contradicted or uncontradicted, which will support the judgment. As long as there is such evidence, we must affirm." (*Nordquist v. McGraw-Hill Broadcasting Co.*, *supra*, 32 Cal.App.4th at p. 561.) "It is not sufficient that upon the same evidence the appellate court might have reached a different conclusion .…" (*Bedford v. Pacific Structural Welding Corp.* (1932) 121 Cal.App. 162, 163.)

Finally, "[t]he juvenile court's judgment is presumed to be correct, and it is appellant's burden to affirmatively show error. [Citation.] To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Appellant is not exempt from the foregoing rules because she is representing herself on appeal in propria persona. Under the law, a party may choose to act as their own attorney, however, "such a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

## III. The Juvenile Court Did Not Abuse its Discretion in Denying Appellant's Requests

*Request to Modify Custody Order Pursuant to Section 388*

Section 388 permits any parent or other person having an interest in a child who is a dependent of the juvenile court, upon grounds of change of circumstance or new evidence, to petition the court for a hearing to change, modify, or set aside any order of the court previously made or to terminate the jurisdiction of the court. "The petitioning party has the burden of showing, by a preponderance of the evidence, that there is a

change of circumstances or new evidence, and the proposed modification is in the minor's best interests." (*In re S.M.* (2004) 118 Cal.App.4th 1108, 1119 (*S.M.*).) " 'Not every change in circumstance can justify modification of a prior order.' [Citation.] The change in circumstances supporting a section 388 petition must be material." (*In re N.F.* (2021) 68 Cal.App.5th 112, 120.)

"As to the best interests element, after the court has bypassed or terminated reunification services and set the matter for a section 366.26 hearing, the focus of the case shifts from the parents' interest in the care, custody, and companionship of the child to the needs of the child for permanency and stability. [Citation.] A court entertaining a section 388 petition at this stage in the proceedings 'must recognize this shift of focus in determining the ultimate question before it, that is, the best interest of the child.' " (*In re N.F.*, *supra*, 68 Cal.App.5th at p. 121.)

" 'The petition is addressed to the sound discretion of the juvenile court and its decision will not be disturbed on appeal in the absence of a clear abuse of discretion. [Citations.]' [Citation.] ' " [']The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " ' " (*S.M.*, *supra*, 118 Cal.App.4th at pp. 1119–1120.)

The changed circumstance appellant alleged supported her request for modification of the custody order was that she had initiated the resource family approval process and would be completing it in the next few weeks. She had also maintained regular visits with the children.

Appellant stated the change would be in the best interest of the children because appellant had been in their lives since birth and could provide them with a safe, clean, healthy, and loving home, as well as meet their needs. The attached memorandum did not contain any additional facts about the case.

The record does not reflect that appellant's alleged changed circumstances were material. Neither appellant's request nor the appellate record describe how appellant's

participation in and completion of the resource family approval process materially changed the circumstances which gave rise to the custody order.

Likewise, the section 388 request was filed after the juvenile court bypassed or terminated reunification services, as evidenced by the fact that the case was set for a contested section 366.26 hearing. When examining the best interests of the children at this stage in the proceedings, the juvenile court focuses on "the needs of the child[ren] for permanency and stability." (*In re N.F.*, *supra*, 68 Cal.App.5th at p. 121.) While appellant did maintain regular visits with the children, the children had been in the custody of other care providers since either May 4, 2022, or September 5, 2023. Appellant's request does not explain how removing the children from their current care providers would satisfy the children's need for permanency and stability. As such, the juvenile court did not abuse its discretion denying appellant's request to modify the custody order.

*Request for De Facto Parent Status*

Pursuant to rule 5.502, subdivision (10), a de facto parent "means a person who has been found by the court to have assumed, on a day-to-day basis, the role of parent, fulfilling both the child's physical and psychological needs for care and affection, and who has assumed that role for a substantial period."

"The finding of de facto parent status is dependent upon the facts of each individual case. [Citation.] The juvenile court in making its factual findings employs the preponderance of the evidence standard." (*In re Michael R.* (1998) 67 Cal.App.4th 150, 155.) "The juvenile court may look to factors such as: Is the child psychologically bonded to the adult? Has the adult assumed the role of a parent on a day-to-day basis for a substantial period of time? Does the adult have unique knowledge about the child? Has the adult regularly attended juvenile court hearings? Will the juvenile proceedings result in an order permanently foreclosing future contact between the child and the adult?" (*Ibid*.)

Because the inquiry in a request for de facto parent status is by nature dependent upon factual determination, this court reviews the juvenile court's order for abuse of discretion. (*In re Michael R.*, *supra*, 67 Cal.App.4th at p. 156.) "[T]he lower court does

9.

not abuse its discretion if substantial evidence supports its determination to grant or deny de facto parent status." (*Ibid*.)

In the request for de facto parent status, appellant alleged that she lived with the children since birth and was the only one taking care of the children's needs since birth. In appellant's declaration attached to her request to modify the custody order pursuant to section 388 however, appellant stated that she was in "regular contact" with the children and they spent "many days" with her. When in her care, she would take the children to the park or beach and would "sometimes" take them to doctor's appointments.

The juvenile court ultimately found "based upon [appellant's] own statements" that appellant did not qualify as a person who assumed, on a day-to-day basis, the role of a parent to the children. " ' " [']When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " ' " (*S.M.*, *supra*, 118 Cal.App.4th at pp. 1119–1120.) Given appellant's contradictory statements in the record on appeal, the juvenile court's order was not an abuse of discretion, and the denial of appellant's request for de facto parent status was supported by substantial evidence.

## **<u>DISPOSITION</u>**

The juvenile court's orders are affirmed.